UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

RICKY K PATEL,
An individual,

    *Plaintiff,*

v.

THE SPOT CLASSIC BARBERSHOP, LLC,
A Florida limited liability company;
JUAN CARLOS, "JC PERDOMO,
An individual;
FREDIS PERDOMO,
An individual; and
LESTER RIVERA,
An individual

    *Defendants.*
_____/

**JURY TRIAL DEMANDED**

*Case No.* 1:21cv23966

## COMPLAINT

COMES NOW, Plaintiff RICKY K PATEL ("Plaintiff") who was an employee of Defendant(s) THE SPOT CLASSIC BARBERSHOP, LLC ("SPC") and JUAN CARLOS "JC" PERDOMO, FREDIS PERDOMO and LESTER RIVERA (together the "Managers" and along with SPC the Defendants) by and through undersigned counsel files this Complaint for unpaid minimum wage, unpaid overtime wages, liquidated damages, attorneys fees, costs and other relief and states as follows:

### Introduction

1. Plaintiff brings this action for unpaid overtime wages, minimum wages, and other relief including attorneys fees and costs under the Fair Labor Standards Act, 29 USC 201 et. seq.

2. Plaintiff was a non-exempt employee of Defendants who worked at Defendant's place of business.

1

3. Throughout Plaintiff's employment, he was not exempt from overtime or minimum wage. Plaintiff was not paid a dime for non-exempt labor from November 2019 until March 2021 when Plaintiff ceased working for the Defendants. In addition prior to full time employment with the title of President, Plaintiff has been working often without pay since 2018.

4. Plaintiff has been forced to retain the undersigned law firm and asks this Court to award reasonable attorney's fees and costs for unpaid overtime / minimum wage due under the Fair Labor Standard Act 29 USC 201.

### Jurisdiction & Venue

5. Venue is proper pursuant to 28 USC 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid from this District, because Defendants' business is situated in this District and because most if not all operational decisions for the Defendants were made in this District.

6. This Court has original jurisdiction over Plaintiff's federal question claims.

### Parties

7. Plaintiff is over the age of 18, is *sui juris* a resident of the territory of Puerto Rico, and was a non-exempt employee of the Defendants as that term is defined by 29 USC 203(e).

8. Defendant SPC is a Florida limited liability company that is engaged in interstate commerce.

9. JUAN "JC" CARLOS PERDOMO is an individual that is sui juris and an executive and owner of SPC. JUAN "JC" CARLOS PERDOMO managed and acted directly and indirectly in the benefits of SPC and managed Plaintiff. JUAN "JC" CARLOS PERDOMO had the power to direct employee actions including that of Plaintiff. JUAN "JC" CARLOS

PERDOMO had management responsibilities, degree of control over the corporation's financial affairs and compensation practices and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff in accordance with the FLSA, making JUAN "JC" CARLOS PERDOMO an employer pursuant to 29 USC 203(d).

10. FREDIS PERDOMO is an individual that is sui juris and an executive and owner of SPC. FREDIS PERDOMO managed and acted directly and indirectly in the benefits of SPC and managed Plaintiff. FREDIS PERDOMO had the power to direct employee actions including that of Plaintiff. FREDIS PERDOMO had management responsibilities, degree of control over the corporation's financial affairs and compensation practices and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff in accordance with the FLSA, making FREDIS PERDOMO an employer pursuant to 29 USC 203(d).

11. LESTER RIVERA is an individual that is sui juris and an executive and owner of SPC. LESTER RIVERA managed and acted directly and indirectly in the benefits of SPC and managed Plaintiff. LESTER RIVERA had the power to direct employee actions including that of Plaintiff. LESTER RIVERA had management responsibilities, degree of control over the corporation's financial affairs and compensation practices and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff in accordance with the FLSA, making LESTER RIVERA an employer pursuant to 29 USC 203(d).

### Coverage

12. During all material times, SPC was an enterprise covered by the FLSA and as defined by 29 USC 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 USC 203(s)(1) in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce by any person.

13. During all times material the Defendant(s) were an employer as defined by 29 USC 203(d).

14. During all times material SPC had an annual gross volume of sales made or business done exceeding $500,000 exclusive of excise taxes.

### Count 1-Against All Defendants
### Failure to Pay Minimum Wage & Overtime in Violation of FLSA

15. Plaintiff reincorporates and re-alleges paragraphs 1-**14** as if fully set forth above.

16. Defendants hired Plaintiff in or about November 2019 to work as a non-exempt consultant/figurehead and was given the title "President" in name only. Plaintiff had no actual or apparent authority over the Defendant SPC and lacked control over banking, operations or other decision making. Plaintiff, a known successful businessman was given the title solely for purposes of appearance and checked with management on all matters, large or small.

17. Defendants never instructed the Plaintiff to use a time clock.

18. Defendants were aware that the Plaintiff routinely worked long hours, often in excess of forty hours a week and intentionally did not pay the Plaintiff for his work.

19. Defendants willfully and intentionally suffered or permitted Plaintiff to suffer to work more than forty hours per week with no overtime or wage whatsoever.

20. Defendants owe Plaintiff a minimum wage for all hours worked and time and a half for all hours worked in excess of forty hours.

21. Plaintiff's employment ended on March 2021.

22. As a result of non payment as discussed above, the Plaintiff has been damaged.

23. Defendants' non payment as discussed above, was wanton, willful and intentional. Defendants showed reckless disregard of the FLSA or knew of its rules and ignored them.

**WHEREFORE** the Plaintiff prays that this Court enter judgment against all Defendants jointly and severally as follows:

A. Award the Plaintiff payment for all hours worked and time and a half for hours worked in excess of forty per week;
B. Award to Plaintiff liquidated damages equal to the payment of all overtime hours at one and a half times his regular rate of pay;
C. Award to Plaintiff reasonable attorneys fees and costs; and
D. Award such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Plaintiff*

By: s/ Ryan Clancy
Ryan Clancy, Esq.
Email: ryan@business-esq.com
Email: info@business-esq.com